**Norma Sue MATTISON, Administratrix of the Estate of Sheila Jo Camerlengo, Deceased,**

**v.**

**NATIONWIDE LIFE INSURANCE CO.**

**v.**

**Samuel CAMERLENGO, Administrator of the Estate of William R. Camerlengo, Deceased.**

**Civ. A. No. 73–1381.**

United States District Court, E. D. Pennsylvania.

Sept. 27, 1974.

William J. Toy, Philadelphia, Pa., for plaintiff.

Daniel J. Ryan, Philadelphia, Pa., for defendant.

Richard J. Molish, Cornwells Heights, Pa., for third party defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This case comes before the Court on plaintiff's motion for partial judgment under Fed.R.Civ.P. 12 and defendant's cross-motion for partial summary judgment pursuant to Fed.R.Civ.P. 56. For reasons hereinafter enumerated, plaintiff's motion will be denied and the defendant's cross-motion will be granted.

The operative facts of this litigation are essentially as follows: On or about April 7, 1972, William R. and Sheila Jo Camerlengo, husband and wife, were found dead in their home located at 12132 Medford Road, Philadelphia, Pennsylvania. The bodies of William and Sheila Camerlengo were found by an employee of the Philadelphia Gas Works who had gone to the decedents' home in response to a neighbor's complaint of a gaseous odor emanating from the residence at 12132 Medford Road. Upon entering these premises, the Gas Works employee discovered an automobile in the garage with the motor running. The exterior garage door was closed, but the door leading from the garage into the house was open. The body of William R. Camerlengo was found slumped in a chair in the room adjacent to the garage. The office of the Medical Examiner of the City of Philadelphia determined the cause of Camerlengo's death to be carbon monoxide poisoning, brought about by the inhalation of exhaust fumes from the engine of the automobile parked in the garage.

Norma Sue Mattison, administratix of the estate of Sheila Jo Camerlengo ("beneficiary"), thereafter commenced this action against Nationwide Life Insurance Company ("Nationwide") to recover benefits under certain life insurance policies issued by Nationwide to William R. Camerlengo ("insured"). The administratrix seeks to recover the ordinary life insurance benefits provided in the insured's policies with the defendant and accidental death benefits allegedly due under the policies' Accidental Death Benefit Riders, together with interest on the total amount due under the terms of the policies from the date of the insured's death to the present time. In the answer to plaintiff's complaint, defendant admitted liability for payment of the ordinary life benefits provided by the insured's policies. Nationwide has denied any liability for accidental death benefits, claiming that the manner in which the insured met his death was outside the scope of coverage set forth in the Accidental Death Benefit Riders to the policies in question. Defendant further contests the payment of interest from the date of death on the basis that it has always been ready and willing to make payment of the basic amount upon receipt of duly-executed releases from the claimants.

Due to the existence of conflicting claims to the proceeds to the insurance policies, Nationwide interpleaded Samuel Camerlengo as a third-party defendant. As administrator of the estate of the insured, Samuel Camerlengo has made claims for the entire amount payable under the policies, thus necessitating the joinder of the estate of the decedent as a third-party defendant.

We first turn our attention to Nationwide's motion for partial summary judgment on plaintiff's claim for accidental death benefits. The Accidental Death Benefit Riders to the policies in question provides for the payment of double indemnity benefits upon proof that the death of the insured was caused by "external violent and accidental means." However, the riders contain a paragraph entitled "Risks Not Assumed" which expressly excludes certain risks from the coverage of the accidental death benefits provision. The exclusionary clause provides, in relevant part:

"Death either directly or indirectly resulting from or contributed to by any of the following is a risk not assumed under this rider: . . . (d) sensitivity to or an overdose of drugs or the taking of any kind of poison or the inhaling of any kind of gas, voluntarily or involuntarily . . . "

Nationwide contends that the cause of the insured's death was not covered by the Accidental Death Benefit Riders in that the risk of death due to the inhalation of gas (either voluntarily or involuntarily) was expressly excluded by the above-stated disclaimer of liability. There is no question that death resulting from the inhaling of any kind of gas is a risk not assumed under the Accidental Death Benefit Riders. There is also no dispute as to the cause of the insured's death. The complaint alleges that the insured died as a result of "suffocation by gas fumes." As previously discussed, the office of the Medical Examiner determined the cause of the insured's death to be carbon monoxide poisoning. In addition, plaintiff has failed to answer or object to a request by the defendant that plaintiff admit that the insured died from carbon monoxide poisoning as a result of inhaling carbon monoxide or some other poisonous gases which were emitted from the automobile found to have been running in the garage immediately prior to the discovery of the body. Under Fed.R.Civ.P. 36, plaintiff is deemed to have admitted the facts as set forth in the above request for admissions.

In that there is no genuine issue as to any material fact in connection with the cause of the insured's death and the scope of the pertinent insurance provision, the defendant's motion for partial summary judgment on the claim for accidental death benefits will be granted. See, Ransburg Electro-Coating Corp. v. Lansdale Finishers, Inc., 484 F.2d 1037, 1039 (3rd Cir. 1973); Weiss v. Kay Jewelry Stores, Inc., 152 U.S.App.D.C 350, 470 F.2d 1259 (1972); Fed.R.Civ.P. 56.

Plaintiff's motion for partial judgment under Fed.R.Civ.P. 12 must now be examined. The motion seeks the payment of interest computed from the date of death on the amount of money found due and owing under the policies in question. In support of the above motion, plaintiff argues that the insurance company has conceded liability as to the ordinary life insurance benefits but has refused to pay the amounts admittedly due. The defendant contends that the failure of the plaintiff and the third-party defendant to sign and return two general releases forwarded to them by Nationwide's representative has caused the delay in payment to the named beneficiaries.

The Court is unable to conclude as a matter of law that the plaintiff is entitled to interest on the basic ordinary life insurance benefits. Whether or not the insurance company wrongfully withheld the payment of proceeds remains in dispute. Indeed, it appears to the Court that Nationwide was ready and willing to make payment upon receipt of the duly-executed releases from the respective claimants. Accordingly, plaintiff's motion for partial judgment will be denied.